UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ROCKEITH MARTIN,

        Plaintiff,

  -against-

NYC CRANE HOIST & RIGGING, LLC,

        Defendant.

19-CV-3789 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

      The parties in this case, who have consented to the authority of the assigned magistrate judge for all remaining proceedings pursuant to 28 U.S.C. 636(c), have settled their dispute, including claims brought under the Fair Labor Standards Act (FLSA).

      It is hereby **ORDERED** that the parties shall submit, no later than **September 28, 2020**: (a) a joint letter demonstrating that their settlement is fair and reasonable and should be approved in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); (b) a copy of their written settlement agreement, executed by all parties, which will be placed on the public docket, *see Wolinsky*, 900 F. Supp. 2d at 335; and (c) if the agreement includes an award of attorneys' fees and costs, copies of counsel's contingency fee agreement (if any), time records, and expense records.

      The parties are cautioned that "it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015). This caution extends to so-called non-disparagement clauses, if such clauses prevent a plaintiff from making truthful statements concerning his employment, the lawsuit underlying the proposed settlement, or the settlement itself. *See Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.) (non-disparagement clause "must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case") (internal quotation marks omitted; modifications in original).

      The parties are further cautioned that courts in this district ordinarily refuse to approve FLSA settlements that include one-way general releases or asymmetrical general releases that purport to benefit remote and/or unknown affiliates of corporate defendants. *See, e.g.*, *Pinguil v. We Are All Frank, Inc.*, 2018 WL 2538218 (S.D.N.Y. May 21, 2018) (Moses, M.J.); *Lopez v, Poko-St. Ann L.P.*, 2016 WL 1319088, at *2 (S.D.N.Y. Apr. 4, 2016) (Moses, M.J.). Genuinely mutual general releases may be approved, however, if the plaintiff is no longer employed by the defendant. *See*, *e.g*., *Plizga v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016) (Moses, M.J.); *Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016) (Moses, M.J.)

The parties are further cautioned that this Court's fairness review "extends to the reasonableness of attorneys' fees and costs." *Fisher v. SD Protection, Inc.*, 948 F. 3d 593, 606 (2d Cir. 2020). Any proposed award of fees and costs must be memorialized in the written settlement agreement, signed by the parties, and supported by copies of counsel's contingency fee agreement (if any) and time and expense records, properly authenticated. *Id.* at 600. In addition, the Court expects a detailed explanation of the basis for the award. "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* at 606 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) (internal quotation marks omitted).

Dated: New York, New York
September 15, 2020

SO ORDERED.

**BARBARA MOSES**
**United States Magistrate Judge**