UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCKEITH MARTIN,

        Plaintiff,

-against-

NYC CRANE HOIST & RIGGING, LLC,

        Defendant.

19-CV-3789 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

By joint letter dated May 18, 2020 (Dkt. No. 25), the parties to this Fair Labor Standards Act action informed the Court of the death of the plaintiff on an unspecified date. The Court instructed the parties to submit a status update by June 19, 2020 (Dkt. No. 26), which they failed to do, resulting in an Order to Show Cause (First OSC) dated August 14, 2020. (Dkt. No. 27.) In response to the First OSC, the parties informed the Court on August 28, 2020 that they had reached a settlement that resolved all issues in this case. (Dkt. No. 28.)

By order dated September 15, 2020 (Dkt. No. 31), the Court set a deadline for the parties to submit their settlement agreement for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Thereafter, the parties requested and received three extensions of that deadline. (Dkts. No. 32-37.) After the third extension expired on December 21, 2020, with no sign of a settlement agreement or a *Cheeks* motion, the Court issued another Order to Show Cause (Second OSC) (Dkt. No. 38) noting the parties' failure to meet their *Cheeks* submission deadline, as well as the fact that more than 90 days had passed since the parties noted the plaintiff's death on the record, with no motion for substitution having been made as required by Fed. R. Civ. P. 25(a)(1). The Court directed the parties to show cause in writing, no later than January 11, 2021, why this case should not be dismissed pursuant to Fed. R. Civ. P. 25(a)(1) and 41(b).

On January 11, 2021, plaintiff, through counsel, responded to the Second OSC by reaffirming that the parties had reached a settlement and reporting that plaintiff's mother was scheduled to appear in state court, where she sought to be appointed to represent his estate. (Dkt. No. 39.) Counsel requested that the Court keep the case open pending an update that would be provided "promptly." *Id*. On January 15, 2021, the Court issued another Order to Show Cause (Third OSC) (Dkt. No. 40), extending the deadline to move for substitution pursuant to Fed. R. Civ. P. 25(a)(1) until March 16, 2021 and directing plaintiff, in the absence such a motion, to show cause in writing, by the same date, why the case should not be dismissed.

On March 16, 2021, plaintiff, through counsel, responded to the Third OSC by reporting that plaintiff's mother had still not been appointed to represent plaintiff's estate and informing the Court that counsel did "not know how long the subject processes in state court will take especially with the impact of the COVID-19 pandemic." (Dkt. No. 41.)

Ruler 25(a) does not, by its terms, require that a state court appoint an executor or representative before a substitution motion can be made and granted. The federal courts have recognized several categories of individuals who can be substituted as proper parties after the death of a plaintiff or a defendant, including "the person 'named in a will as the executor of the decedent's estate, even if the will is not probated,'" and "the primary beneficiary of an unprobated intestate estate which need not be probated." *Bruccoleri v. Gangemi*, 2019 WL 499769, at *7-8 (E.D.N.Y. Feb. 8, 2019) (citations omitted). *See also*, *e.g.*, *Tankleff v. County of Suffolk*, 2016 WL 3162059, at *2-3 (E.D.N.Y. June 2, 2016) (granting motion to substitute as proper parties the decedent's "only distributees under South Carolina law" where the decedent "died without a will and no formal intestate proceedings [had] been instituted to establish an estate"); *Bruccoleri v. Gangemi*, 2019 WL 8405573, at *1 (E.D.N.Y. Mar. 15, 2019) (finding that the person named as the

decedent's executor in his will was a proper party to be substituted, and that the decedent's son was also a potential property party).

Both Rule 25(a) and Rule 41(b) require a plaintiff to pursue his case diligently. Moreover, Rule 25(a)(1) sets 90 days (from the filing of a suggestion of death upon the record) as the period within which a substitution should be made, and mandates dismissal for failure to timely file a substitution motion. In this case, ten months have passed since the suggestion of death was filed. Courts in our Circuit have not hesitated to dismiss after comparable – or shorter – periods of delay. *See*, *e.g.*, *Hundley v. Columbia Sussex Corp.*, 2016 WL 3546355, at *2 (N.D.N.Y. June 23, 2016) (dismissing case pursuant to Rule 25(a) and Rule 41(b) where, after death of plaintiff wife, plaintiff husband failed for approximately nine months to move for substitution or otherwise prosecute the case); *Keating v. Leviton Mfg. Co.*, 2009 WL 234654, at *2 (E.D.N.Y. Jan. 30, 2009) (dismissing case pursuant to Rule 25(a) and Rule 41(b) where, after death of plaintiff, no motion for substitution was filed, and no other efforts were made to pursue the case, for a period of approximately five months).

**Consequently, it is hereby ORDERD that any motion (or stipulation) for substitution of a proper party in place of the deceased plaintiff be filed no later than April 21, 2021. If no motion or stipulation is filed, <u>this case may be dismissed</u>.**

Dated: New York, New York
March 22, 2021

**SO ORDERED**.

**BARBARA MOSES
United States Magistrate Judge**

3